UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ELMARIA MARTINEZ,

       Plaintiff,

       vs.

FOREST LABORATORIES, INC. and FOREST
PHARMACEUTICALS, INC.,

       Defendants.

Civil Action No. 10 cv 6032 (WHP)

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES,
RESTITUTION AND INJUNCTIVE
RELIEF

JURY TRIAL DEMAND

       Plaintiff Elmaria Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, The Ottinger Firm, P.C., alleges, upon personal knowledge and upon information and belief as to other matters, as follows:

PRELIMINARY STATEMENT

       1.    This is a collective and class action brought by Individual and Representative Plaintiff Elmaria Martinez and all putative Plaintiffs (collectively "Plaintiffs"), on her own behalf and on behalf of the proposed class identified below.  Plaintiff and the putative class members were or are employed by Forest Laboratories, Inc. ("FLI") and Forest Pharmaceuticals, Inc. ("FPI") (together, "Defendants") and were denied overtime compensation as required by federal and state wage and hour laws.  These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

       2.    The Collective Class is made of all persons who are or have been employed by Defendants as Sales Representatives at any time within the United States within three years prior

1

to this action's filing date through the date of the final disposition of this action (the "Collective Class Period") and who were subject to Defendants' unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek.

3. The Class is made up of all persons who are or have been employed by Defendants as Sales Representatives within the State of New York within the period of six years prior to the filing date of this Complaint ("the Class Period") and who were subject to Defendants' unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek.

4. During the Collective Class Period and the Class Period, Defendants unlawfully failed to pay overtime premiums for all hours worked over 40 in a given workweek. Plaintiff seeks relief for the Class pursuant to the applicable provisions of the New York Labor Law ("NYLL") and Collective Class under the Fair Labor Standards Act ("FLSA"), to remedy Defendants' failure to pay all wages due, in addition to injunctive relief.

PARTIES

5. Individual and representative Plaintiff Elmaria Martinez resides in Middletown, New York. She has been employed by Defendants in their Middletown, NY office as a Medical Sales Representative since 2002.

6. Defendant Forest Laboratories, Inc. is a national pharmaceutical company that develops and markets medication throughout the world. At all relevant times, Defendant Forest Laboratories, Inc. has had its principal place of business located at 909 Third Ave, New York, New York, 10022 and regularly transacts business in this district.

7. Defendant Forest Pharmaceuticals, Inc. is a wholly owned-subsidiary of Defendant Forest Laboratories, Inc. responsible for selling the medications it creates. Upon

information and belief, at all relevant times, Defendant Forest Pharmaceuticals, Inc. has had its principal place located at 909 Third Ave, New York, New York, 10022 and regularly transacts business in this district.

8.      Defendants are joint employers and share common administrative and operational support services pursuant to agreement.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332.

10.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 207 *et. seq*.

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12.     Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiff's claims occurred in this District.

13.     Upon information and belief, all Defendants are subject to personal jurisdiction in New York.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff brings FLSA claims on behalf of herself and other employees similarly situated as authorized under 29 U.S.C. § 216(b).  The employees similarly situated are:

**Collective Class:**    All persons in the United States who are or have been employed by Defendants as Sales Representatives and/or Sales Consultants at any point during the Collective Class Period.

3

15.     Defendants employed Plaintiff during the Collective Class Period.

16.     On information and belief, Defendants have employed more than 100 other Sales Representatives, including, but not limited to, Territory Sales Representatives, Professional Sales Representatives, Medical Sales Representatives, Specialty Sales Representatives and Hospital Sales Representatives, in the United States.

17.     All Sales Representatives are classified by Defendants as non-management employees and are paid an annual salary.

18.     All of the Defendants' Sales Representatives, including Plaintiff, are responsible for scheduling sales calls with physicians concerning medication manufactured by Defendants. During these sales calls, Sales Representatives are not permitted to make actual sales, instead they promote the medications offered by Defendants to physicians based solely on material provided by Forest and attempt to obtain a commitment from the physicians that they will prescribe the drugs to their patients.

19.     At all times during the Collective Class Period, Defendants authorized a misclassification of all of its Sales Representatives, including Plaintiff, as FLSA exempt and have, as a matter of policy, denied them overtime premiums for hours worked in excess of 40 hours in a work week.

20.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

21.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policy in violation of the FLSA who would benefit from the issuance of a

4

Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to the Defendants and are readily identifiable through Defendants' records.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **Proposed Class:**   All persons in the State of New York who are or have been employed by Defendants as Sales Representatives and/or Sales Consultants at any point during the Class Period.

23.     At all times during the Class Period, Defendants authorized a misclassification of all of its Sales Representatives, including Plaintiff, as FLSA exempt and have, as a matter of policy, not paid them overtime premiums for hours worked in excess of 40 hours.

24.     <u>Numerosity</u>:   The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed over 50 people who satisfy the definition of the Proposed Class.

25.     <u>Typicality</u>:     Plaintiff's claims are typical of the members of the Proposed Class. Plaintiff is informed and believes that, like other Sales Representatives, Plaintiff was subject to the aforementioned unlawful policies during the Class Period.  Plaintiff had the same duties and responsibilities as other Class members.  All plaintiffs were subject to Defendants' policy and practice of unlawfully classifying Sales Representatives as exempt from the FLSA.

26.     <u>Superiority</u>:   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27.     Adequacy:     Plaintiff will fairly and adequately protect the interests of the Proposed Class, and have retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

28.     Commonality:   Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

     a.   Whether Defendants improperly classified the Proposed Class of Sales Representatives as exempt under the NYLL;

     b.   Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of NYLL;

     c.   Whether Defendants employed Plaintiff and the Proposed Class within the meaning of New York law;

     d.   The proper measure of damages sustained by the Proposed Class; and

     e.   Whether Defendants' actions were "willful."

29.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

30.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior

to other available methods for the fair and efficient adjudication of this litigation. Defendants'
common and uniform policies and practices denied the Proposed Class the wages to which they
are entitled. The damages suffered by the individual Proposed Class members are small
compared to the expense and burden of individual prosecution of this litigation. In addition,
class certification is superior because it will obviate the need for unduly duplicative litigation
that might result in inconsistent judgments about Defendants' practices.

31.     Plaintiff intends to send notice to all members of the Proposed Class to the extent
required by Rule 23. The names and addresses of the Proposed Class are available from
Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)**

32.     Plaintiff alleges and incorporates by reference the allegations in the preceding
paragraphs.

33.     Plaintiff's consent in writing to be a part of this action, pursuant to 20 U.S.C. §
216(b). Plaintiff's written consent form is attached hereto. Also attached are the written
consent forms of additional similarly situated individuals who are interested in joining this case
as opt-in plaintiffs. Plaintiff anticipates that as this case proceeds, other individuals will sign
consent forms and join as plaintiffs.

34.     At all relevant times, Defendants have been an "employer" engaged in interstate
commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20
U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ
employees, including Plaintiff and the Collective Class members. At all relevant times, upon
information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

7

35.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

36.     During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per workweek without overtime compensation.  Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the federal Fair labor Standards Act, failed and refused to pay them overtime compensation.

37.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. § 201, *et seq.*

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

39.     Plaintiff, on behalf of herself and the Collective Class, seeks recovery of her attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)

40.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

41.     At all relevant times, Plaintiff was an "employee" and Defendants have been "employers" within the meaning of the New York Labor Law.

42.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

43.     Defendants have failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

44.     By Defendants' failure to pay Plaintiff and the Rule 23 Class Members premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

45.     Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the Proposed Class, prays for relief as follows:

A.     That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.     That Defendants are found to have violated the provisions of the New York Labor Law as to Plaintiff and the Class;

C.     That Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaintiff and the Class;

D.      That Defendants' violations as described above are found to be willful;

E.      An award to Plaintiff and the Class for the amount of unpaid wages owed,

including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

F.      That Defendants further be enjoined to cease and desist from unlawful activities

in violation of the FLSA and NYLL;

G.      An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29

U.S.C. § 216 and/or other applicable law; and

H.      For such other and further relief, in law or equity, as this Court may deem

appropriate and just.

I.      For the purposes of maintaining the Class Action, Plaintiff hereby waives her

right to special damages under the NYLL, thereby circumventing the prohibition against class

recovery for special damages under CPLR § 901(b).  Plaintiff does not waive their right to

recover liquidated damages under the FLSA.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury as to all issues so triable.

DATED:  September 14, 2010

The Ottinger Firm, P.C.

Robert W. Ottinger (RO-8879)
Christopher Q. Davis (CD-7282)
The Ottinger Firm, P.C.
19 Fulton Street, Suite 408
New York, New York 10038
Telephone: (212) 571-2000


Attorneys for Plaintiff and the Proposed Class